**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TERRENCE GETHERS,
*also known as Terance Gethers*,

                                        Petitioner,

                - v -                                        9:18-CV-1262
                                                              (BKS/DJS)

SUPERINTENDENT,

                                        Respondent.

**APPEARANCES:**                        **OF COUNSEL:**

TERRENCE GETHERS
Petitioner *Pro Se*
15-A-2134
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, New York 12051

HON. LETITIA JAMES                      MICHELLE MAEROV, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Respondent
28 Liberty Street
New York, New York 10005

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER[1]

    *Pro se* Petitioner Terance Gethers was convicted by jury verdict of three counts of

criminal sale in the second degree.  Dkt. No. 7, Am. Petition ("Am. Pet.") at p. 1.[2]  He

was sentenced to a determinate term of imprisonment of ten years with five years of post-

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[2] Citations to the Amended Petition are to the page numbers assigned by the Court's CM/ECF system.

release supervision, for each count, with the sentences to run concurrently. *Id.*; Dkt. No. 20, State Court Record ("SR") at pp. 541-42.[3]  Petitioner seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on four grounds: (I) the verdict was against the weight of the evidence; (II) Petitioner was denied due process and a fair trial due to the Prosecution's improper use of bad acts in its direct case; (III) Petitioner was denied a fair trial due to an improper *Sandoval* ruling; and (IV) the sentence imposed was harsh and excessive.  Am. Pet.  Respondent has filed a Memorandum of Law in Opposition to the Amended Petition.  Dkt. No. 13, Resp.

## I.  BACKGROUND

This Petition relates to events that occurred on March 4, 2013, March 28, 2013, and April 30, 2013, when, on each occasion, Petitioner sold over one-half ounce of cocaine to a confidential informant (hereinafter CI) who was working with the Drug Enforcement Agency (hereinafter DEA) to facilitate the sales.  SR. at pp. 8-12.  On March 26, 2014, as a result of these sales, Petitioner was named in an indictment charging him with three counts of criminal sale in the second degree.  SR. at pp. 8-13.  He was arraigned on the indictment in Albany County Court on August 22, 2014.  SR. at p. 20.  Petitioner pled not guilty to all three counts.  SR. at p. 22.  At trial, Petitioner was found guilty of all three counts and sentenced to a determinate term of imprisonment of ten years with five years of post-release supervision, for each count, with the sentences to run concurrently.  SR. at pp. 530-33 & 541-42.

---

[3] Citation to the state court record is in the form "SR." followed by the page numbering provided by Respondent.

Petitioner appealed to the New York Appellate Division, Third Department. SR. at p. 586. On June 22, 2017, the Appellate Division affirmed the judgment of the New York Supreme Court. *People v. Gethers*, 151 A.D.3d 1398 (3d Dep't 2017). On October 24, 2017, the New York Court of Appeals denied Petitioner's application for leave to appeal. SR. at pp. 640-43, *People v. Gethers*, 30 N.Y.3d 980 (2017).

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234697, at *3 (S.D.N.Y. Aug. 28, 2003). A federal court may not grant habeas relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either:

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006).

The Second Circuit has summarized the application of the standard of review under AEDPA as follows:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief: 1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? 2) If so, was the state court's decision "contrary to" that

established Supreme Court precedent?   3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362 (2000) and *Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).  The standard of review under § 2254(d) is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt."  *Renico v. Lett*, 559 U.S. 766, 773 (2010).  "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The phrase "clearly established Federal law" refers to "the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  A state court decision is "contrary to" established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by th[e] Court on a question of law or if the state court decides a case differently than th[e] Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision is an "unreasonable application" of established Supreme Court precedent "if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*  AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. §

2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Boyette v. LeFevre*, 246 F.3d 76, 88 (2d Cir. 2001).

### III. DISCUSSION

#### A. Petitioner's Weight Of The Evidence Claim Is Not Cognizable

Petitioner first argues that the Jury's verdict was against the weight of the evidence. Am. Pet. at p. 5. While arguments as to the legal sufficiency of evidence are cognizable in federal court under habeas corpus review, "weight of the evidence" arguments are founded in New York Criminal Procedure Law § 470.15(5), and thus are not cognizable. *Garbez v. Greiner*, 2002 WL 1760960, at *8 (S.D.N.Y. 2002); *see also McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 Fed. Appx. 69, 75 (2d Cir. 2018) ("[T]he argument that a verdict is against the weight of the evidence states a claim under state law, which is not cognizable on habeas corpus."); *Torres v. O'Meara*, 353 F.Supp.3d 180, 187-88 (N.D.N.Y. 2019); *Kimbrough v. Bradt*, 949 F.Supp.2d 341, 362 (N.D.N.Y. 2013).

Petitioner argues that there was "no corroboration of the alleged sale, as the police did not recover any marked buy money, or DNA fingerprints on the baggies of drugs allegedly purchased from [him] on either of the three dates in question." *Id.* at p. 20. Petitioner further contends that the Prosecution failed to produce the CI who worked with the DEA to facilitate the sales that led to the Petitioner's arrest. Am. Pet. at p. 5. He claims this failure was fatal because the CI was the only person who could verify certain evidence. *Id.*

These are clear questions about the weight of the evidence that are not cognizable in federal habeas court. *See U.S. v. Gordon*, 987 F.2d 902, 906 (2d Cir. 1993) ("Any lack of corroboration goes to the weight of the evidence, not to its sufficiency, and a challenge to the weight of the evidence is a matter for argument to the jury, not a ground for reversal on appeal."); *see also United States v. Spruill*, 634 Fed. Appx. 312, 314 (2d Cir. 2015) (summary order) ("Although the confidential informants' testimony would have contributed to the weight of evidence, the testimony was not necessary for a reasonable juror to find that [the defendant] intended to distribute and actually distributed cocaine."). In any event, given the strength of the evidence discussed below, the failure to call the informant at trial does not undermine the sufficiency of the evidence presented. *Id.* (finding the evidence presented at trial was legally sufficient for a rational jury to convict even absent testimony from confidential informant).

Even if a legal insufficiency claim were properly raised, it would provide no ground for relief. In seeking habeas relief based on alleged insufficiency of the evidence, a petitioner "bears a 'very heavy burden.'" *Torres v. O'Meara*, 353 F.Supp.3d 180, 188 (N.D.N.Y. 2019) (quoting *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 811 (2d Cir. 2000). The standard of review for a legal sufficiency claim is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Hogan v. West*, 448 F.Supp.2d 496, 512 (W.D.N.Y. 2006) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original). Therefore, a habeas court may only overturn a conviction if, based upon the evidence presented at trial, "*no* rational trier of fact could

6

have found that the prosecution established the defendant's guilt beyond a reasonable doubt." *Id.* (emphasis in original).  This is not the case here.

The Prosecution provided sufficient evidence in their case-in-chief that led the jury to return a guilty verdict, including testimony from DEA agents Bascoe, Lovianco, Joyce, Buckley, and Vadell – all of whom were involved in the investigation and arrest of Petitioner.  SR. at pp. 239-396.  Additionally, the Prosecution provided evidence including audio recordings of phone calls made between Petitioner and the CI, *see*, *e.g.*, SR. at pp. 260-63, 285-87, & 298-300, as well as tape recordings of the three controlled buys, *see*, *e.g.*, SR. at pp. 245-60, 290-92, & 302-04.  This is sufficient evidence from which a rational jury could have reached a guilty verdict on the charges before it. *Hernandez v. Conway*, 485 F.Supp.2d 266, 280 (W.D.N.Y. 2007).  As a result, even if Petitioner had properly raised a legal insufficiency claim, a rational trier of fact could have found the Petitioner guilty and there is no remedy under habeas review.

Therefore, it is recommended that this claim be **denied.**

### B.  Petitioner's Claim That He Was Denied Due Process And A Fair Trial By Prosecution Witness' Reference To Prior Bad Acts Is Barred

Petitioner next claims that he is entitled to a writ of habeas corpus because Prosecution witness DEA Agent Bascoe made a statement referring to his prior bad acts, which Petitioner alleges unfairly prejudiced the jury.  Am. Pet. at p. 7.  The following challenged testimony was elicited by Defense counsel while conducting cross examination regarding a search of Petitioner's residence:

Q:    Bottom line here is there was no cocaine in that residence, was there?

7

A:     No, we did not recover any cocaine.

However –

Q:     There was no –

THE COURT:   Hold on a second.  Let him finish answering the question.  Read back the last question, please, and that part of the answer given.

(Last question and partial answer read back by the reporter.)

A:     However, due to our investigations, I was already aware that Mr. Gethers was adept at hiding stuff because of evidence of him being charged with introducing items into a jail facility.  So I –

[DEFENSE COUNSEL]:   Objection, your Honor.

THE COURT:   All right.  I am going to sustain that objection.  Strike that latter portion of the answer.  Disregard it.  It is not evidence in this case.

SR. at pp. 353-54.  Petitioner claims that the Judge's limiting instruction was "grossly insufficient to ameliorate the damage done to [Petitioner]'s right to a fair trial by a jury of his peers."  Am. Pet. at p. 7.  Respondent asserts that Petitioner's claims are procedurally barred.  Resp. at pp. 15-16.

## 1.  This Claim is Procedurally Barred

Prior to petitioning the federal court, it is necessary that a prisoner *properly* exhaust all state remedies.  *See Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  This standard exists because failure to properly exhaust issues in state court bars federal habeas review.  *See Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) ("Under the procedural-default doctrine, when a prisoner has exhausted his state remedies but has not given the state courts a fair opportunity to pass on his federal claims, the prisoner has procedurally defaulted his claims and is ineligible for federal habeas relief absent a showing of 'cause

and prejudice' or 'a fundamental miscarriage of justice.'").  Furthermore, failure to clearly

present a federal or constitutional issue to the appellate or habeas court precludes habeas

relief because "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle*

*v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1991)).

Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a

conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68.

Thus, if a petitioner does not raise such issues, or only raises issues of state law, they

cannot be reviewed.

Here, Respondent is correct in asserting that "Petitioner's perfunctory citations to

the due process clause and invocation of 'fair trial' rights d[o] not transform this claim

into a federal, constitutional one."  Resp. at p. 16.  In his brief to the New York Appellate

Division Petitioner based his due process claims on state law, citing only New York case

law to support his assertions.  SR. at pp. 605-08.  It is clear, however, that "alleged 'errors

of state law cannot be repackaged as federal errors simply by citing the Due Process

Clause.'" *DiGuglielmo v. Smith*, 366 F.3d 130, 136 (2d Cir. 2004) (quoting *Johnson v.*

*Rosemeyer*, 117 F.3d 104, 110 (3d Cir. 1993)).  Here, the New York State Appellate

Division was not given the opportunity to pass on his federal due process claim, as it was

not properly raised.  Petitioner's claim is exhausted because he has already taken an

appeal in New York, *see* N.Y. Crim. Proc. Law § 440.10(2)(c), however, because the

claim was not *properly* exhausted, and Petitioner may no longer properly exhaust the

claim, it is procedurally defaulted.  *See Jimenez v. Walker*, 458 F.3d at 149.  Petitioner's

failure to raise issues of federal or constitutional law on appeal bars consideration of such claims in habeas court.

Petitioner may overcome the procedural bar if he can demonstrate "cause for noncompliance" and "actual prejudice resulting from the alleged constitutional violation." *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977). Petitioner, however, has

> not alleged or stated any other facts that would support a finding of cause for his procedural default. Inasmuch as he cannot establish such cause, this Court need not decide whether he also suffered actual prejudice as to this claim because federal habeas relief on the basis of a procedurally defaulted claim is unavailable unless both cause and prejudice are demonstrated.

*Camerena v. Bradt*, 2010 WL 5579880, at *10 (N.D.N.Y. Dec. 22, 2010), *report and recommendation adopted*, 2011 WL 124507 (N.D.N.Y. Jan. 14, 2011); *see also Rivers v. Costello,* 2011 WL 4592041, at *11 (N.D.N.Y. Sept. 9, 2011), *report and recommendation adopted*, 2011 WL 4593972 (N.D.N.Y. Sept. 30, 2011). Nor has Petitioner alleged any facts that would provide a basis for concluding that failing to address this claim would result in a fundamental miscarriage of justice. *Pham v. Kirkpatrick*, 209 F. Supp. 3d 497, 514 (N.D.N.Y. 2016).

### 2. The Independent and Adequate State Ground Doctrine Bars Review on the Merits of this Claim

Even if this claim were not procedurally barred, it would be barred by the independent and adequate state ground doctrine. Under this doctrine, "[the] Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Thus, the

first inquiry is whether there is an independent state ground relied upon by the state court. *Coleman v. Thompson*, 501 U.S. at 729. New York's preservation rule, requiring a "contemporaneous objection to any alleged legal error by defense counsel at a criminal trial" is a state law ground independent of the federal question presented here. N.Y. Crim. Proc. Law § 470.05(2) (McKinney 2021); *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007). The New York Court of Appeals has determined that the preservation rule "require[s], at the very least, that any matter which a party wishes the appellate court decide have been brought to the attention of the trial court at a time and in a way that gave the latter the opportunity to remedy the problem and thereby avert reversible error." *Garcia v. Lewis*, 188 F.3d 71, 78 (2d Cir. 1999) (alteration in original) (quoting *People v. Luperon*, 85 N.Y.2d 71, 78 (1995)) (internal quotation marks omitted). Not only is the preservation rule codified, but it is recognized and adhered to by New York and federal courts. *See Downs v. Lape*, 657 F.3d 97, 104 (2d Cir. 2011) ("We have held repeatedly that the contemporaneous objection rule is a firmly established and regularly followed New York procedural rule.").

As discussed above, Petitioner's counsel objected at trial to Agent Bascoe's statement regarding Petitioner's prior bad acts, however, counsel did not immediately request a mistrial, nor did he raise the issue of due process or the right to a fair trial. SR. at pp. 353-54. The Second Circuit has held that "a general objection is not sufficient to preserve an issue since such would not alert the court to defendant's position." *Garvey v. Duncan*, 485 F.3d 709, 714 (2d Cir. 2007) (citations omitted). Rather, "New York's highest courts uniformly instruct that to preserve a particular issue for appeal, defendant

must specifically focus on the alleged error." *Id.*  Petitioner's current claim that a mistrial ought to have been granted was not introduced contemporaneously at trial, nor did the objection focus on the alleged error.  Rather, an objection was made to the witnesses' statements, which were subsequently stricken from the record and accompanied by a proper limiting instruction from the Judge.  SR. at p. 354.  The Appellate Division ruled that Petitioner failed to preserve his claim for review because defense counsel did not request a mistrial and because there was no further discussion regarding the testimony. *See People v. Gethers*, 151 A.D.3d at 1402.

It is well-recognized that New York's preservation rule is independent of the federal questions presented by Petitioner and was adequate to support the judgment of the state Court.  *See Garvey v. Duncan*, 485 F.3d at 720 ("§ 470.05(2) is a state law ground on which the New York [A]ppellate [C]ourt's decision is based, and that ground is both independent of any federal question and adequate under firmly established and regularly followed state law.").  Therefore, New York's preservation rule constitutes an independent state ground.

The second inquiry is whether the state rule is adequate to support the judgment of the appellate court.  In general, "violation of 'firmly established and regularly followed' state rules … will be adequate to foreclose review of a federal claim." *Lee v. Kemna*, 534 U.S. 362, 376 (2002) (quoting *James v. Kentucky*, 466 U.S. 341, 348 (1984)); *accord Richardson v. Greene*, 497 F.3d at 217 (the question is whether the failure to preserve and issue for appeal is "adequate" and thus "firmly established and regularly followed[,]" barring habeas relief).  Adequacy of the judgment also relies upon the premise that there

is a "fair or substantial basis" for the state law or rule. *See Garcia v. Lewis*, 188 F.3d at 77 (quoting *Lawrence v. State Tax Comm'n*, 286 U.S. 276, 282 (1932)) (internal quotation marks omitted).

"Where the case law interpreting New York's preservation rule in criminal proceedings displays consistent application in a context similar to the one before us, that rule is firmly established, regularly followed, and hence adequate for purposes of the independent and adequate state ground doctrine." *Richardson v. Greene*, 497 F.3d at 219 (holding that where a defendant failed to raise an objection to the prosecutor's alleged pattern of discrimination in jury selection, he failed to preserve the claim for review). Furthermore, the basis of New York's preservation rule lies in the dual interests of expediency and federalism – two pillars of the American justice system. *See Coleman v. Thompson*, 501 U.S. 730-31.  It is evident that the initial basis for this rule, as well as the application of the rule in the case at hand, demonstrates a fair and substantial basis rendering the state ground adequate for the purpose of precluding federal habeas review.

Therefore, it is recommended that this claim be **denied**.

### C.  Petitioner's Claim that He Was Denied a Fair Trial Due to the Judge's *Sandoval* Ruling is Not Cognizable

Prior to trial, the Court held a *Sandoval* hearing[4] to determine the probative value of Petitioner's prior convictions or misconduct.  SR. at p. 41.  The Court ruled that the Prosecution would be limited to inquiring as to whether Petitioner had been convicted of

---

[4] A pretrial hearing concerning the prosecution's use of a defendant's prior convictions to impeach his credibility. *People v. Sandoval*, 34 N.Y.2d 371 (1974)

a prior unspecified felony on a certain date. SR. at pp. 41-44. The Prosecution could not ask any further questions or elicit answers that would alert the Jury to the nature of the felonies. *Id*. Petitioner claims that the Court abused its discretion in allowing any evidence of prior convictions to be admitted, and that the admittance of his prior crimes prejudiced the Jury and resulted in an unfair trial. Am. Pet. at p. 8.

Petitioner is barred from bringing this claim. "[T]o raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify." *Luce v. U.S.* 469 U.S. 38, 43 (1984). This rule applies where a petitioner challenged a *Sandoval* ruling from the state court. *See Nieves-Delgado v. New York*, 2003 WL 21310815, at *2 (S.D.N.Y. June 9, 2003). "Second Circuit law has created a bright-line rule . . . barring habeas relief for allegedly erroneous *Sandoval* rulings in instances where a defendant elects not testify." *Id.* (quoting *Shannon v. Senkowski*, 2000 WL 1683448, *7 (S.D.N.Y. Nov. 9, 2000)) (internal quotation marks omitted). Because Petitioner did not testify at his trial, this claim is not cognizable.

Therefore, it is recommended that this claim be **denied**.

### D. Petitioner's Claim that His Sentence is Harsh and Excessive is Not Cognizable

Petitioner further contends that his sentence is harsh and excessive. Am. Pet. at p. 10. Petitioner was sentenced to a term of imprisonment of ten years determinate with five years of post-release supervision, for each count, with the sentences to run concurrently. SR. 530-33 & 541-42. This sentence was below the maximum permissible sentence pursuant to New York Penal Law § 70.71(3)(b)(ii). *People v. Gethers*, 151 A.D.3d at

1402. "No federal constitutional issue is present where . . . the sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (quoting *Underwood v. Kelly*, 692 F.Supp. 146, 152 (E.D.N.Y. 1988)) (internal quotation marks omitted). As Petitioner's sentence is within the range prescribed by New York law for criminal sale in the second degree, no constitutional issue has been raised.

Therefore, it is recommended that this claim be **denied.**

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Amended Petition be **DENIED** and **DISMISSED**; and it is further

**RECOMMENDED**, that no Certificate of Appealability ("COA") be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2);[5] and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[6] days within which to file written objections to the foregoing report. Such objections shall be filed

---

[5] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Richardson v. Greene*, 497 F.3d at 217 (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation").

[6] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  August 17, 2021
        Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge