**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TERRENCE GETHERS,
*also known as Terance Gethers*,

                                    9:18-cv-1262 (BKS/DJS)

                              Petitioner,

v.

SUPERINTENDENT,

                              Respondent.

**Appearances:**

*Plaintiff pro se:*
Terrence Gethers
15-A-2134
Eastern NY Correctional Facility
P.O. Box 338
Napanoch, NY 12458

*For Defendant:*
Letitia James
Attorney General for the State of New York
Michelle Elaine Maerov
Assistant Attorney General
28 Liberty Street
New York, NY 10005

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

On October 24, 2018, Terrence Gethers filed a petition seeking a writ of habeas corpus

under 28 U.S.C. § 2254 challenging a 2015 judgment of conviction, upon a jury verdict, of three

counts of criminal sale of a controlled substance in the second degree. (Dkt. No. 1). Petitioner

filed an amended petition on December 13, 2018. (Dkt. No. 7). Respondent opposed the petition

and filed the applicable state court records. (Dkt. No. 13-15, 20). Petitioner did not file a reply.

This matter was assigned to United States Magistrate Judge Daniel J. Stewart who, on August 17, 2021, issued a Report-Recommendation recommending that the petition be denied and dismissed, and that no Certificate of Appealability be issued. (Dkt. No. 26). Magistrate Judge Stewart advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. (Dkt. No. 26, at 15–16).

On September 13, 2021, the Court sua sponte extended the deadline to file objections until October 1, 2021, in light of the fact that Petitioner had been moved to a different correctional facility. (Dkt. No. 27). The Court subsequently granted Petitioner two extensions of time, in response to his letter requests for extensions "to perfect" his habeas petition. (Dkt. Nos. 30–33). On December 6, 2021, Petitioner filed a document entitled "affirmation in opposition to respondents report-recommendation and order." (Dkt. No. 34).

## II.     STANDARD OF REVIEW

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL

3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Petersen*, 2 F. Supp. 3d at 229. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" made in the original submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

III.     DISCUSSION

The petition raises the following grounds for relief: (1) the verdict was against the weight of the evidence; (2) the improper admission of bad act evidence deprived Petitioner of a fair trial; (3) the trial court's ruling regarding the admission of prior convictions deprived Petitioner of a fair trial; and (4) the sentence imposed was harsh and excessive. (Dkt. No. 7, at 5–10). After carefully considering each of these claims Magistrate Judge Stewart recommended that the petition be denied. Magistrate Judge Stewart noted that that Petitioner's weight-of-the-evidence claim is founded on New York criminal procedure law, and is not cognizable on habeas review, and concluded that even if Petitioner had raised a legal insufficiency claim, there would be no remedy under habeas review because there was sufficient evidence from which a rational jury could have reached a guilty verdict. Given the trial evidence, which included tape recordings of the informant's three controlled buys from the Petitioner, and phone calls between the Petitioner and the informant, Magistrate Judge Stewart found that "the failure to call the informant at trial does not undermine the sufficiency of the evidence presented." (Dkt. No. 26, at 6). Magistrate Judge Stewart determined that Petitioner's claim regarding the introduction of bad act evidence was procedurally barred because he failed to raise a federal due process claim in the state court: Petitioner's brief to the New York State Appellate Division cited only New York case law in

3

support of this claim. (*Id.* at 9) (citing SR. at 605–08).  And, in any event, Magistrate Judge

Stewart found that this claim would be barred by the independent and adequate state ground

doctrine under New York's preservation rule because the Appellate Division ruled that Petitioner

failed to preserve his claim for review. (*Id.* at 8–10). Finally, Magistrate Judge Stewart found

that neither of Petitioner's two remaining claims -- concerning the harshness of his sentence and

the trial court's ruling regarding the admission of a prior conviction, when Petitioner elected not

to testify -- are cognizable on habeas review.

Petitioner has not identified any objection to Magistrate Judge Stewart's analysis; his

submission appears to be drafted as a response to the Respondent's memorandum of law in

opposition to the petition. (Dkt. No. 34). Petitioner objects to the Respondent's arguments and

argues that the state trial court erred, but has failed to specify any objection to the Report-

Recommendation. (*Id.*). The Court has, accordingly, reviewed the Report-Recommendation for

clear error and found none.[1]

## IV.    CONCLUSION

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 26) is **ADOPTED** in its

entirety; and it is further

**ORDERED** that the Amended Petition (Dkt. No. 7) is **DENIED** and **DISMISSED**; and

it is further

**ORDERED**, that no Certificate of Appealability ("COA") be issued because Petitioner

has failed to make "a substantial showing of the denial of a constitutional right" as required by

---

[1] The Court has not considered new arguments raised by Petitioner. *Cf. Parker v. Smith*, 858 F.Supp.2d 229, 233 n.2 (May 1, 2012) ("To the extent petitioner's traverse could be read to raise new arguments that are not in his petition, they will not be considered because a traverse or reply is not the proper pleading in which to raise additional grounds for habeas relief.").

28 U.S.C. § 2253(c)(2). Any further request for a COA must be addressed to the Court of

Appeals. (Fed. R. App. P. 22(b)).

      **ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with

the Local Rules.

      **IT IS SO ORDERED.**

Dated:  <u>January 12, 2022</u>
       Syracuse, New York

                                  Brenda K. Sannes
                                  U.S. District Judge